By the Court.

Two objections are made to the plaintiff’s right to recover in this action. The first is, that the ship was concerned in illicit commerce, by trading at the island of Guam, which belonged to the crown of Spain, whose territories had been declared by the British orders in council in a state of blockade. But it is very apparent that the posterior orders revoking the blockade of Spain were intended to extend to the colonies in her possession, and that the blockade of Guam was raised before the ship in this case arrived there. It is true the decree of condemnation in *418 the Court of Vice Admiralty was bottomed on the supposed fact of a breach of blockade; but the reversal*of that decree shows it to have been made illegally, and without sufficient foundation.
* The other objection is, that the abandonment was not made within a reasonable time after the account of the loss was received. But the account received was merely of a seizure and detention for a cause, which the owner here knew did not exist. It was not his duty to abandon under such circumstances. After the condemnation was known to him, no delay in offering to abandon is imputed to him. He is then entitled to recover for a total loss on the first count. The case does not furnish evidence to entitle the plaintiff to recover a partial loss, beyond the total loss; but the expenses incurred by him on the two trials in the Courts of Admiralty constitute a general average, the amount of which must be ascertained by assessors, and the verdict amended accordingly ; and upon the verdict so amended let judgment be entered up, with costs for the plaintiff.