### ALFRED BLANCHARD *vs.* EQUITABLE SAFETY INSURANCE COMPANY.

The rule that insurers are liable for the amount paid for an injury done by a vessel insured to another vessel by reason of collision is settled in this commonwealth, and will not now be reconsidered.

In an action on a policy of insurance on a vessel, issued here, for a sum expressed in dollars, to recover the amount paid in a foreign country for an injury done to another vessel by a collision, the insured may also recover, as a part of his damages, the fees of counsel and commissions of an agent, if fairly and properly incurred in defending against the claim for the injury, and also the premium for exchange paid by the insured in order to enable him to remit the amount to such foreign country.

CONTRACT on a policy of insurance on the ship Borodino, for one year from May 8th 1861, for $5000, issued by the defendants to Blanchard, Sherman & Co. "for whom it concerns," loss payable to them; ship valued at $30,000.

The declaration averred, in substance, that the policy was made to the plaintiff, under the name of Blanchard, Sherman & Co., and within the period insured the ship was by the perils of the seas brought into collision with the British brig Sunbeam, whereby the brig and her cargo were sunk and lost; and the owners thereof brought suits against the Borodino in England, where the ship then was; and it was the duty of those in charge of the Borodino to keep her out of the way of the Sunbeam, and their negligence in failing to do so was the remote though not the proximate cause of the collision, and by reason of said negligence the owners of the Borodino could not successfully defend against said suits, and judgments were rendered in favor of the plaintiffs therein with costs; and the said owners have paid, in satisfaction of said judgments and for their own costs necessarily incurred in defending the suits, the sum of $10,850.74; of which the defendants are liable for one sixth part.

It was agreed, in the superior court, that the facts set forth as to the collision, loss, and institution of suits therefor, were true; and proctors were retained by the master of the Borodino, and her release from arrest obtained upon giving bonds, and counsel were consulted, who advised that no successful defence could be made, and the suits were settled by agreement, except in one of them, in which the damages were fixed by a referee; and the sum of $10,850.74 was paid, as alleged, that sum including the usual and proper charges for the services and disbursements of the proctors and counsel employed for the defence, and the usual commission of the commercial agent of the owners for making the disbursements, and other services connected with the business, and the cost of exchange. And *Putnam*, J. ruled that the plaintiff was entitled to recover one eighth (that being the amount of his interest in the vessel, and the proportion which he paid of the above gross sum,) of all the sums paid as above stated, except for exchange; and reported the case for the determination of this court.

*H. C. Hutchins*, for the defendants. 1. The defendants ask for a revision of the decision of this court, upon the principal

question, in *Nelson* v. *Suffolk Ins. Co.* 8 Cush. 477. The de-
cisions upon which reliance was then placed have been over-
ruled. *Gen. Mut. Ins. Co.* v. *Sherwood*, 14 How. 351. *Mathews*
v. *Howard Ins. Co.* 1 Kernan, 1. The text writers adopt a dif-
ferent doctrine. 2 Arnould on Ins. 772. Marsh. Ins. (4th ed.)
495. 1 Phil. Ins. 636. 2 Parsons Mar. L. 228. The English
doctrine is also different. *De Vaux* v. *Salvador*, 4 Ad. & El.
420. *Thompson* v. *Hopper*, 6 El. & Bl. 172. *Thompson* v. *Rey-
nolds*, 7 El. & Bl. 172. It is not, of course, contended that these
authorities overrule the decision of this court; but, in commer-
cial questions like this, uniformity of decisions is highly impor-
tant. In this very case, if the plaintiff had lived in another
state than Massachusetts, the suit might have been removed to
the United States court, where of course he could not have
maintained his action. 2. The defendants should not be charged
with costs or counsel fees in the suits in England, since they
were not notified of them. *Coolidge* v. *Brigham*, 5 Met. 68.
*Grace* v. *Morgan*, 2 Scott, 790. *Jenkins* v. *Biddulph*, 4 Bing.
160. Counsel fees, especially, cannot be recovered. *Reggio* v.
*Braggiotti*, 7 Cush. 166. *Guild* v. *Guild*, 2 Met. 229. *Barnard*
v. *Poor*, 21 Pick, 378. *Leffingwell* v. *Elliott*, 10 Pick. 204. Nor
can the premium for exchange be recovered. The contract was
made here; the insurance, in case of loss, was payable here, in
dollars, in American currency; and the remedy is sought here.
See *Burgess* v. *Alliance Ins. Co.* 10 Allen, 221; *Hussey* v. *Far-
low*, 9 Allen, 263.

*J. C. Dodge*, for the plaintiff.

BIGELOW, C. J. The law of this commonwealth, that insur-
ers are liable for the amount paid for damages done by a vessel
insured to another vessel by reason of collision, was settled on
the most full and deliberate consideration in *Nelson* v. *Suffolk
Ins. Co.* 8 Cush. 477; and the rule was reaffirmed in *Walker* v.
*Boston Ins. Co.* 14 Gray, 288. We see no good reason for re-
considering the question thus settled. No new arguments have
been suggested in addition to those which were urged in the
original case, nor has the weight of authority against the rule
established by this court increased since its reaffirmance in the

case last above cited. The only consideration pressed on our attention by the learned counsel for the defendants is, that uniformity and harmony in the decisions of courts upon questions of commercial law are important, as tending to give stability and certainty to the rights and obligations of parties under their contracts. This suggestion would certainly be entitled to great weight if we were now called on for the first time to decide which one of the two opposing views of the law we should adopt; but it has but little if any weight as an argument in favor of changing a rule of law which has once been deliberately settled; especially when it may be reasonably supposed that parties have acted on the rule of law as declared by this tribunal, and have framed their contracts with reference to it. The liability of insurers for damages done to another vessel by collision with a vessel insured, under the law as settled in this commonwealth, has been well understood by merchants and underwriters during the past ten or fifteen years. If parties in making their contracts did not intend to be bound by this rule, the risk of loss arising from such cause could be easily avoided by excepting it from the risks covered by the policy; but in the absence of any express stipulation, the presumption is that parties intended to include the risk in their contracts of insurance, and great injustice might be done if we were now to reconsider our previous adjudications, and establish a different rule by which to interpret the terms of the policy. Considerations of mere expediency may enter largely into the discussion of a question of law, when the point to be determined is what the rule relating to a particular subject ought to be; but they can have no place as an element in determining whether a rule of law, which has been once settled upon principle, ought to be changed. Taking then the rule as settled in this commonwealth to be the law by which this case is to be governed, there is no doubt that the loss in the present case was within the policy.

We understand the practice to be fully established, that all necessary legal expenses and charges, including the fees of counsel and the commissions of an agent, if fairly and properly incurred in defending against a claim on the vessel or her owners

for which the underwriters are liable, may be included in estimating the amount of the loss to be recovered under the policy This practice rests on the principle that the contract of insurance is one of indemnity, and that the assured is entitled to recover back all expenses and charges reasonably attributable to a peril insured against, and necessarily incurred to save a forfeiture or condemnation of the subject insured, by reason thereof. *Hale* v. *Washington Ins. Co.* 2 Story R. 176, 189. *Dorr* v. *Union Ins Co.* 8 Mass. 494, 502. *Spafford* v. *Dodge,* 14 Mass. 66, 74. *Orrok* v. *Commonwealth Ins. Co.* 21 Pick. 456.

Upon the same principle of indemnity to the assured under his policy, he has a right to recover the premium for exchange which he has paid in order to enable him to remit the amount of his share of the money payable in England by reason of the damage caused by a peril insured against. It is true, as the defendants contend, that the contract of insurance was made here and that a loss under the policy is payable in the currency of this country. But it is not an agreement to pay an absolute fixed sum here in dollars. The contract is to pay such sum in dollars, within the amount insured, as the plaintiff might be compelled to pay in a foreign country by reason of a peril insured against. It is only for the amount actually paid by the plaintiff in order to remit to England the amount of the damages sustained in consequence of the collision, that he now seeks to recover. He certainly does not receive an indemnity, unless the same amount is refunded by the defendants which he has been compelled to pay in consequence of a loss within the policy. The cases cited and relied on by the defendants' counsel in support of this part of the defence are wholly unlike the case at bar. Neither of them was on an agreement to indemnify a party for a sum of money which he had been compelled to pay in a foreign country. *Judgment for the plaintiff.*